UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § § § § § § | |
| v. | | |
| JONATHAN ANTONIO CHAVEZ, | | EP-24-CR-2541-DCG (1) |
| *Defendant.* | | |

## OPINION

Presently before the Court is Defendant JONATHAN ANTONIO CHAVEZ'S "Motion to Dismiss" (ECF No. 25) filed pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). Facing a single count indictment that charges him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), Defendant Chavez moves to dismiss the indictment, contending that the statute violates the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and the Commerce Clause of the United States Constitution. Mot. Dismiss, ECF No. 25, at 4–10.

Invoking *Bruen*, Chavez contends that the Court should dismiss Count One because Section 922(g)(1) violates the Second Amendment, both facially and as applied to him, as well as the Commerce Clause of the United States Constitution. Mot. Dismiss, ECF No. 25, at 9–10. Chavez, acknowledges, however, that his facial and Commerce Clause challenges are foreclosed by the Fifth Circuit Court of Appeals' precedent. *Id.* at 9–10. Mr. Chavez concedes that *United States v. Alcantar*, 733 F.3d 143, 145–56 (5th Cir. 2013) and

1

*United States v. Diaz*, 116 F.4th 458, 471 (5th Cir. 2024) binds the Court to reject these arguments. *Id.* at 9–10.

Defendant Chavez's as-applied challenge fails because the Court finds that the government has met its burden to show that applying Section 922(g)(1) to Chavez "is consistent with this Nation's historical tradition of firearm regulation" of persons receiving or selling of illegal items and those have a history of being dangerous and violent persons. *Bruen,* 597 U.S. at 24. Defendant's convictions for three felonies, an assault on an inmate, an assault on jail officers and the sale of a controlled substance, make him such a person. Mot. Dismiss, ECF No. 1, at 1.

The Fifth Circuit Court of Appeals' Second Amendment jurisprudence announced in *United States v. Diaz,* 116 F. 4th 458 (5th Cir. 2024), *United States v. Contreras*, 125 F.4th 725, 732–33 (5th Cir. 2025), and *United States v. Schnur*, No. 23-60621, 2025 WL 914341, *1 (5th Cir. Mar. 26, 2025) inform the Court's judgment.

Accordingly, for the foregoing reasons Chavez's Motion to Dismiss Count One of the indictment is **DENIED.**

**So ORDERED and SIGNED this 9th day of April 2025.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**